No. 25,757.

C. D. SNEAD, *Appellee,* v. THE STEFFEN ICE AND ICE CREAM COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. MASTER AND SERVANT—*Authority to Employ—Evidence.* In the matter of a contract of employment, it is held there is evidence sufficient to show that the representative of the defendant who made the contract had authority to do so.

2. TRIAL—*Findings Inconsistent With Pleadings.* A certain inconsistency between the pleading and thory of plaintiff and the special finding of the jury are held not to be such as to require a reversal of the judgment.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed March 7, 1925. Affirmed.

*Claude C. Stanley, Fred B. Stanley, Vincent F. Hiebsch,* and *John B. Patterson,* all of Wichita, for the appellant.

*John W. Adams, William J. Wertz,* and *George L. Adams,* all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought to recover on a contract of employment. Verdict and judgment was in favor of the plaintiff, and defendant appeals.

C. D. Snead, who had worked for the Steffen Ice and Ice Cream Company in 1921, alleged that he contracted with the company in January, 1922, to work during the season of that year to begin February 1, 1922, and that he came from Cherokee county, where he had employment at the appointed time, but when he went to the ice plant to begin his service he was put off with one excuse and another from day to day, and finally was told that another person had been given the job for which he had contracted. He alleged that he would have earned $4 per day, and that by reason of the breach

and his inability to obtain employment for a long time he was damaged to the extent of $832. The defendant denied that the officer alleged to have employed plaintiff had authority to make a contract, and also set up a general denial. Plaintiff testified that Robinson, who had charge of the plant, employed him over the telephone about January 28, 1922, and that Robinson employed and discharged men at the plant. The defendant offered testimony tending to show that men were only employed by Robinson from time to time as they might be needed, but that he had no authority to employ them for the season or for any definite time. Plaintiff testified that he was employed during the season of 1921, except four or five days that he was sick. In his testimony he said that it was agreed that he should have $5 per day, and he was allowed to amend his pleading in that respect, but the court in its instruction finally limited the extent of recovery, if he should be entitled to recover, to $4 per day, the wages first alleged in his petition.

The jury returned answers to the special questions, among which they found that plaintiff was employed by Robinson; that Robinson had authority to employ men at the plant; that the contract was made over the telephone, as plaintiff alleged; and as to time of employment, they found it to be "until such time as his services were not satisfactory or his kind of work justified" such employment. Plaintiff was awarded $200, which was compensation for a period of a little less than two months at the wages named. He stated that he remained in Wichita until about May 1; that he was only able to get small jobs, and then he returned to his home in Cherokee county, where he had left a job of $4.50 per day in order to take the job at the ice plant.

There is testimony sufficient to warrant the finding that Robinson had authority to make the contract, and also that one was made with plaintiff. No good reason was shown for the refusal to carry out the contract. No attempt was made to show the unfitness of plaintiff to do the work contracted for, nor that he could not have rendered satisfactory service; nor was there any effort to show that work of the class for which he was employed was not being carried on. The excuse given by Robinson, according to plaintiff, was that the old man, the president of the company, had a relative to put in the place, and that Robinson would have "to put this fellow in in order to get along with the old man." Plaintiff states he was told by Robinson to wait for a time; that he did not think the young

fellow, who was just out of school, could handle the job. Later, however, Robinson told him that the young fellow was a better man than he had given him credit for, and that there would be no work for the plaintiff at the plant.

The special findings relating to the contract are said to be inconsistent with the contract alleged by plaintiff, and therefore he should not be allowed to recover. Plaintiff did allege that he was employed for the season of 1922, which it appears usually begins about February 1 and ends October 1. He did not maintain this allegation to the satisfaction of the jury, as they placed a limit on the work for the season, finding that he was not to be employed longer than his services were satisfactory or there was work of his class to do. Of course plaintiff could not expect to hold the job all of the season if he did not perform efficient and satisfactory service. That finding can hardly be regarded as so inconsistent with the pleadings and evidence as to overturn the verdict. Then there was the further qualification in the finding that he was to serve as long as there was work of his class to do. Manifestly the jury concluded from the testimony that he was not to be employed longer than the work lasted for which the contract had been made. This, of course, was inconsistent to some extent with the averment of the petition, but as there was no evidence to show or claim made that there was a lack of work to do, the plaintiff was entitled to recover his loss while he was unable to obtain other employment. There was work of his class to do, which was done by the one to whom the job was arbitrarily given. While the jury found that the terms of the contract differed somewhat from those alleged, it did find that a contract had been made, the breach of which occasioned a loss and warranted recovery by the plaintiff.

The inconsistency is not deemed to be sufficient to require a reversal of the judgment, and hence it must be affirmed.

HARVEY and HOPKINS, JJ., dissenting.